IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ANTHONY FORSTER,

  Plaintiff,

vs.         No. 04-2661-D/V

BOBBY REYNOLDS, et al.,

  Defendants.

---

ORDER DENYING IRREGULAR MOTION

---

  Plaintiff, Anthony Forster, prisoner number 126254, an inmate confined at the Riverbend Maximum Security Facility (RMSI), in Nashville, who was formerly incarcerated at the West Tennessee State Prison (WTSP) filed this complaint under 42 U.S.C. § 1983. By order entered February 22, 2005, the Court dismissed his claims against WTSP Unit Manager John Cole as unexhausted and directed that service issue for WTSP Corporal Bobby Reynolds, Officer Snow, and Officer Mcclur on plaintiff's claim for use of excessive force.

  On May 2, 2005, plaintiff filed an irregular motion "requesting an order directing prison official to assist pro se litigant with material essential in preparing important papers and/or pleadings with the court." Plaintiff first alleges that after receiving the Court's service order, he "submitted a written request to prison officials for assistance in obtaining legal

materials in attempt to timely adhere to Rule 59(e) [of the] Fed. R. Civil Procedure, which states: '[A] motion to alter or amend the judgment shall be served not later than (10) days after entry of the judgment.'" Forster states that prison officials refuse to timely assist him in obtaining legal supplies, so that he may abide by the rule.

Forster next contends that unnamed prison officials at RMSI deny him access to the courts by handing out pens and supplies to indigent inmates every 90 days, if the inmate has not been to the commissary for the past 30 days. Forster contends that if the purchase of stamps and hygiene or health related products from the commissary renders him indigent, he is then unable to receive legal supplies for 30 to 90 days. Forster complains that he is unable to properly budget his commissary purchases in anticipation of future court rulings which may require responses.

The Court must first disabuse Forster of the notion that the service order was a "judgment." Fed. Rule Civ. P. 54(a) defines judgment as "a decree and any order from which an appeal lies." Plaintiff's complaint presented multiple claims against multiple parties. The Court's screening order adjudicated fewer than all the claims or the rights and liabilities of fewer than all the parties. Therefore, the action was not terminated as to any claim or party, but remains subject to revision at any time before the entry of a judgment which adjudicates all claims and the rights and

liabilities of all the parties. Accordingly, Forster's desire to file a Fed. Rule Civ. P. 59(e) motion was premature and without procedural foundation.

The Court expressly declines to substantively address any claim that Forster's rights are being violated at RMSI. Those purported violations do not arise out of the action before this Court. Forster must exhaust his administrative remedies at RMSI on his court access claims as required by 42 U.S.C. 1997e(a). He may then file his lawsuit in the proper forum, the Nashville Division of the Middle District of Tennessee, the location of RMSI. 28 U.S.C. § 123(b)(1).

For all the foregoing reasons, plaintiff's motion is DENIED.

IT IS SO ORDERED this 30th day of June, 2005.

*[signature]*
BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 2:04-CV-02661 was distributed by fax, mail, or direct printing on July 7, 2005 to the parties listed.

Anthony Forster
RIVERBEND MAXIMUM SECURITY INSTITUTION
126254
7475 Cockrill Bend Road
Nashville, TN 37209

Honorable Bernice Donald
US DISTRICT COURT